## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

MANUEL BOLIVAR, ANDRES RUBIO and
JANNETH QUINTERO, individually and on behalf
of all those persons similarly situated,

        Plaintiffs,

    v.

FIT INTERNATIONAL GROUP CORP., FOREX
INTERNATIONAL TEAM INC., JAIRO
ENRIQUE SANCHEZ, and DILIA MARGARITA
BAEZ,

        Defendants.
_____

CASE NO.: **12 CIV 0781**

**ECF CASE**

**JURY TRIAL DEMANDED**

### MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO FED. R. CIV. P. 4(f)(3) FOR ORDER ALLOWING SERVICE ON THE FOREIGN DEFENDANTS TO BE MADE BY PUBLICATION

Plaintiffs Manuel Bolivar, Andres Rubio and Janneth Quintero, on behalf of themselves and all other persons similarly situated, submit this Memorandum of Law in support of their Motion Pursuant to Fed. Civ. P. 4(f)(3) for Order Allowing Service on the Foreign Defendants to be Made by Publication.  Under Fed. R. Civ. P. 4(f)(3), service on foreign defendants can be made through any means not prohibited by international agreement, as the Court orders.  Plaintiffs have made diligent efforts to effectuate personal service on the individual defendants, Jairo Enrique Sanchez ("Sanchez") and Dilia Margarita Baez ("Baez"), through a private process server and pursuant to the procedures set forth in the Inter-American Convention on Letters Rogatory and Additional Protocol.  Plaintiffs believe that those efforts have proved unsuccessful because Sanchez and Baez are actively evading service of process.  Their current address is unknown and Plaintiffs have exhausted all available avenues for serving Sanchez and Baez

personally.  Under these circumstances, service by publication is an approach reasonably calculated to apprise Sanchez and Baez of the pendency of this action.  Accordingly, Plaintiffs respectfully request that this Court exercise its discretion under Rule 4(f)(3) to order service on Sanchez and Baez by publication in Colombia, as detailed herein.  That method of service, in the circumstances of this case, is appropriate and comports with due process.

## STATEMENT OF FACTS

This action was filed on February 1, 2012.  Defendants Forex International Team, Inc. ("FIT New York") and FIT International Group Corp. ("FIT Florida") were served on February 16, 2012 and March 21, 2012, respectively.  These defendants did not respond to the Complaint or otherwise file an appearance in the case.  Upon information and belief, the individual defendants, Jairo Enrique Sanchez ("Sanchez") and Dilia Margarita Baez ("Baez") are citizens of Colombia and at the time the Complaint was filed, were residing in Bogota, Colombia.

Over a course of months following the filing of the Complaint, Plaintiffs, with the assistance of local counsel in Bogota, Colombia, made diligent efforts to locate and make in-hand service on Sanchez and Baez.  After an initial failed attempt at service at their last known address, Plaintiffs' process server in Colombia attempted service at a different address in Bogota, Colombia, where, on information and belief, these defendants were then residing.  The doorman at this address – Calle 100, #8A-37 Torre A #501 Bogota, Colombia – indicated that Sanchez and Baez might be residing in the building but were not present at that time.  The process server left copies of the Summons and Complaint with the doorman.  (Dkt. #7, 7-1 and 7-2).  Several more attempts were made to serve Sanchez and Baez at this address, but these defendants appear to have been evading service of process and continue to do so to this day.

On November 5, 2012, counsel for Plaintiffs sent a letter to the Court, enclosing letters rogatory and all of the documentation required under the Inter-American Convention on Letters Rogatory and Additional Protocol for service abroad of judicial documents.  On November 13, 2012, this Court signed and affixed its seal to the letters rogatory and returned the package to counsel.  The documents were then forwarded to Process Forwarding International ("PFI"), which serves as the United States Department of Justice's exclusive process server under the Hague and Inter-American service conventions.  Formal service by PFI through the U.S. Central Authority is the only recognized method of process service under these treaties and conventions.

Pursuant to the protocol outlined in the Inter-American Convention on Letters Rogatory and Additional Protocol, formal service of process on Sanchez and Baez was attempted at their last known address on March 19, 2013, but these defendants were not residing there and the process server was unable to obtain any forwarding information.  Copies of the letters rogatory and the notice received from the Sixteenth Civil Circuit Court of Bogota, Colombia are attached as Exhibit A to the Affidavit of Gaytri D. Kachroo ("Kachroo Aff."), which accompanies this Motion.  Since receiving notice from the Sixteenth Civil Circuit Court of Bogota, Colombia that in-hand service on the foreign defendants could not be made, defendant Baez appears to have submitted to the Court a ten-page *pro se* Answer to the Complaint.  The Answer contains no current address for Baez and provides no information about her whereabouts.

**ARGUMENT**

I.      This Court Has Discretion Under Fed. R. Civ. P. 4(f)(3) To Order Service On Sanchez And Baez By Publication Because Such Means of Service Does Not Offend Colombian Law And Is Reasonably Calculated In The Circumstances Of This Case To Apprise These Defendants Of The Pendency Of This Action.

This Court is afforded wide discretion under Fed. R. Civ. P. 4(f)(3) to "fit the manner of service utilized to the facts and circumstances of the particular case." *Broadfoot v. Diaz (In re International Telemedia Assocs.*), 245 B.R. 713, 719 (N.D. Ga. 2000) (granting Rule 4(f)(3) motion for order approving service to defendant's last-known email address).  When exercising that discretion, the Court should devise a method of service that is consistent with due process and minimizes offense to foreign law.  *See Export-Import Bank of the United States v. Asia Pulp & Paper Co.*, 2005 U.S. Dist. LEXIS 8902 (S.D.N.Y. 2005); *see also* Advisory Committee note to 1993 amendment to Fed. R. Civ. P. 4.  A method of service fulfills due process requirements under Rule 4(f)(3) where it is "reasonably calculated, under all the circumstances," to give notice to the defendant.  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950*).  See also U.S. Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd*., No. 07 C 3598, 2008 U.S. Dist. LEXIS 85084, 2008 WL 4299771, at *4 (N.D. Ill. Sept. 17, 2008) ("Under Rule 4(f)(3), the Court may fashion a means of service on an individual in a foreign country as long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process.").

Federal courts have recognized the validity of service by publication where other means have failed.  "Where the plaintiff can show that deliberate avoidance and obstruction by the defendant [has] made the giving of notice impossible, statutes and case law have allowed substitute notice by mail and by publication in media of general and wide circulation."  *S.E.C. v. Tome*, 833 F.2d 1086, 1092 (2d Cir. 1987).  In *Tome*, the Court of Appeals for the Second Circuit upheld service of process by publication on defendants in a foreign country under the predecessor to Rule 4(f)(3).  That court noted the difficulties that the S.E.C. had encountered in serving process on the defendants and held that publication of the complaint and summons in the

International Herald Tribune was an appropriate alternative means.  *See also Smith v. Islamic Emirate of Afghanistan*, 2001 U.S. Dist. LEXIS 21712 (S.D.N.Y. 2001) (authorizing service by foreign publication on defendants Osama Bin Laden and al Qaeda, noting that these defendants would be on notice that a suit against them was likely to be brought in the jurisdiction in which the terrorist attack had occurred).

Additionally, service on Sanchez and Baez by publication would not offend Colombian law or violate any international agreement.  Nothing in the Inter-American Convention on Letters Rogatory and Additional Protocol for service abroad of judicial documents prohibits service by publication and Colombia, as a member, has not explicitly objected to this method of service in its declarations.  Additionally, although Colombia has recently signed on to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Article 1 of that Convention provides, "[t]his Convention shall not apply where the address of the person to be served with the document is not known."  *See PB Products North America, Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) ("The Hague Convention does not apply in cases where the address of the foreign party to be served is unknown."). Accordingly, Plaintiffs are unaware of any international agreement between Colombia and the United States that would prohibit service on Sanchez and Baez by publication.  *See SEC v. Anticevic*, 2009 U.S. Dist. LEXIS 11480, *3 (S.D.N.Y.  Feb. 8, 2009) (permitting service by publication under Rule 4(f)(3) on defendant residing in either Germany or Croatia where neither country had explicitly objected to such means of service in their declarations pursuant to the Convention).

These cases make clear that service by publication to a defendant in a foreign country is an acceptable alternative means of service under Rule 4(f)(3) as long as no international

agreement prohibits it, diligent attempts have been made to locate the defendant and serve process by traditional means, and the publication is one that likely would reach the defendant. Service by publication is particularly appropriate where the defendant appears to be evading service of process and has some knowledge that he might be subject to a suit. *See SEC v. Anticevic*, 2009 U.S. Dist. LEXIS 11480, *4 (S.D.N.Y. Feb. 8, 2009) (where plaintiff had twice attempted and twice failed to serve the defendant in two different countries through the Hague Convention and did not know the defendant's current address, these factors weighed in favor of the appropriateness of service by publication); *BP Products North America, Inc. v. Dagra*, 236 F.R.D. 270, 272-73 (E.D. Va. 2006) (approving service by publication where the plaintiff had attempted service twice under the Hague Convention, hired an investigative services firm in Pakistan that was unable to locate defendant, attempted to serve defendant through his local counsel, and defendant was on notice that he might be the subject of a suit because he had personally guaranteed promissory notes for millions of dollars which were in default).

Here, Plaintiffs have made diligent efforts to locate Sanchez and Baez and serve them with process through traditional means.  Plaintiffs have attempted to obtain waivers of service from Sanchez and Baez, have attempted to serve them multiple times through a private process server at two separate addresses, and have attempted to serve them under the Inter-American Convention on Letters Rogatory and Additional Protocol for service abroad of judicial documents. *See* Kachroo Aff. at Exhibit A.  Moreover, as perpetrators of a multi-million dollar Ponzi scheme, Sanchez and Baez would be on notice that they might be the subject of a lawsuit brought by their defrauded investors in either New York or Florida, the locations of the defendant corporations through which they perpetrated this fraud.  Indeed, the foreign defendants were likely made aware of the pendency of this action over a year ago, when these corporations

were served.  Further, Baez has recently submitted to this Court a ten-page *pro se* Answer, which refers to and tracks the paragraphs of the Complaint, thereby indicating that she has actual notice of this action and of the Complaint.  Given that Baez is the wife of defendant Sanchez, Sanchez likely has actual notice of this lawsuit as well.  Under these circumstances, service by publication in newspapers with national distribution and wide circulation in the city of these defendants' last-known whereabouts, is reasonably calculated to give them specific notice of this action.

Finally, Plaintiffs' proposed means of service by publication are reasonably calculated to apprise Sanchez and Baez of the pendency of this action.  Plaintiffs propose that the summons be published in Spanish in the newspapers *El Tiempo* and *El Espectador* once per week for four consecutive weeks.  Those newspapers have national circulation and are widely circulated in Bogota, the area of these defendants' last-known whereabouts.[1]  Moreover, their probable actual knowledge of this lawsuit increases the likelihood that published service will ultimately come to their attention through their increased awareness of and attentiveness to any information about the lawsuit.  Accordingly, service by publication, under these circumstances, is reasonably calculated to apprise Sanchez and Baez of the pendency of this action and Plaintiffs respectfully request that this Court order service by this alternative means.

---

[1] Wikipedia states that these two newspapers, along with *El Periodico*, are the only Colombian newspapers of national distribution.  *See* http://en.wikipedia.org/wiki/Media_in_Colombia. Additionally, Plaintiffs propose publishing only the summons because the Complaint in this matter is 27 pages long and it has been left at two of these defendants' former addresses by a private process server and by the Colombian court pursuant to the Inter-American Convention. Plaintiffs are, however, amenable to publishing any additional information deemed necessary by the Court to comport with Fed. R. Civ. P. 4(f)(3) and due process requirements.

WHEREFORE, plaintiffs respectfully request that the Court issue an order approving service on Jairo Enrique Sanchez and Dilia Margarita Baez by publication.

November 18, 2013

Respectfully submitted,

KACHROO LEGAL SERVICES, P.C.

By: /s/ Gaytri D. Kachroo
Dr. Gaytri D. Kachroo (GK2010)
Kachroo Legal Services, P.C.
225R Concord Ave
Cambridge, MA 02138
(617) 864-0755
(617) 864-1125 (fax)
gkachroo@kachroolegal.com

*Attorneys for named Plaintiffs Manuel
Bolivar, Andres Rubio and Janneth Quintero*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 18, 2013, a true and correct copy of the foregoing Memorandum of Law in support of Motion Pursuant to Fed. R. Civ. P. 4(f)(3) for Order Allowing Service on the Foreign Defendants to be Made by Publication was served via U.S. mail on defendant FIT International Group Corp. at c/o Carlos Zayas, 1221 Brickell Avenue, 19th Floor, Miami, FL 33131 and on FOREX International Team, Inc. at c/o Secretary of State, 99 Washington Avenue, Albany, NY  12210.

_____

Gaytri D. Kachroo