```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 10, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL BOLIVAR, ANDRES RUBIO,
and JANNETH QUINTERO, individually
and on behalf of all those persons similarly
situated,

                Plaintiffs,

- against -

FIT INTERNATIONAL GROUP CORP.,
FOREX INTERNATIONAL TEAM INC.,
JAIRO ENRIQUE SANCHEZ, and
DILIA MARGARITA BAEZ,

                Defendants.

**ORDER**

12 Civ. 781 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs Manuel Bolivar, Andres Rubio and Janneth Quintero have moved for an order permitting them to serve the Summons and Complaint in this action on Defendants Dilia Margarita Baez and Jairo Enrique Sanchez by publication in two Spanish-language Colombian newspapers. Plaintiffs assert that Baez and Sanchez, who are married, are actively evading service. Neither defendant has entered an appearance in this action or responded to the Complaint. For the reasons set forth below, Plaintiffs' motion is granted.

## BACKGROUND

      The following facts are drawn from the Complaint and the November 18, 2013 affidavit of Plaintiffs' counsel, Gaytri D. Kachroo.

      Plaintiffs commenced this action on February 1, 2012. (Cmplt. (Dkt. No. 1) Plaintiffs served FIT International Group Corp. and Forex International Team Inc. on

March 21, 2012 and February 16, 2012, respectively. (Affs. of Service (Dkt. Nos. 4 & 5))

Plaintiffs assert that Baez and Sanchez currently reside in Bogota, Colombia. (Kachroo Aff. (Dkt. No. 11) ¶ 2) Multiple attempts to serve them through a private process server in Colombia have failed. (Id.) After trying unsuccessfully to serve Baez and Sanchez at their last known address, Plaintiffs' process server attempted service at a different address where Baez and Sanchez were believed to be residing. (Id. ¶ 3) A doorman at that address told the process server that Baez and Sanchez might live there, but that they were not home at that time. (Id.) The process server left copies of the Summons and Complaint with the doorman and made several additional attempts to personally serve Baez and Sanchez at that address, all of which failed. (Id. ¶¶ 3-4)

Plaintiffs also attempted to serve Baez and Sanchez pursuant to the protocol outlined in the Inter–American Convention on Letters Rogatory, Jan. 30, 1975, and the Additional Protocol to the Inter–American Convention on Letters Rogatory, May 8, 1979, S. Treaty Doc. No.98–27, 58 Fed. Reg. 31, 132 (1988) (the "Inter–American Convention"). (Id. ¶ 5-9) The United States and Colombia are signatories to the Inter-American Convention. See Organization of American States, Signatories and Ratifications, Additional Protocol to the Inter-American Convention on Letters Rogatory, available at http://www.oas.org/juridico/english/sigs/b-46.html.

On November 13, 2012, this Court issued letters rogatory provided to Plaintiffs. (Id. ¶ 5) Plaintiffs forwarded the letters rogatory to Process Forwarding International ("PFI"), the United States Department of Justice's exclusive process server under the Inter-American Convention and the Hague Convention on the Service Abroad

2

of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("the Hague Convention"). (Id.) PFI, in turn, enlisted the assistance of Colombian authorities. The Sixteenth Civil Circuit Court of Bogota, Colombia, issued an Official Notice to Baez and Sanchez after receiving the documentation from PFI, and an officer of the court made several attempts at personal service. (Id. ¶ 8) Those efforts were likewise not successful. (Id.)

In August 2013, this Court received a submission from Defendant Baez that was written in Spanish, a copy of which was forwarded to Plaintiffs. Plaintiffs have translated the document and aver that it contains a purported pro se Answer to the allegations contained in the Complaint. (Id. ¶ 10) The document, however, does not include a current address or contact information for either Baez or Sanchez. (Id.)

## DISCUSSION

Rule 4(f) of the Federal Rules of Civil Procedure permits a court to direct service on an individual in a foreign country in one of three ways:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

"Courts have repeatedly recognized that 'there is no hierarchy among the subsections in Rule 4(f).'" In GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (quoting Advanced Aerofoil Techs., AG v. Todaro, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012)). "A district court may require the parties 'to show that they

3

have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary.'" Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (emphasis added) (quoting Export–Import Bank v. Asia Pulp & Paper Co., Ltd., No. 03 Civ. 8554, 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005) (citation and internal quotation marks omitted)). Ultimately, however, the decision of "'whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.'" Id. (quoting RSM Prod. Corp. v. Fridman, 06 CIV. 11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) (citation and internal quotation marks omitted)).

"'Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant.'" KPN B.V. v. Corcyra D.O.O., No. 08 Civ. 1549 (JGK), 2009 WL 690119, at *1 (S.D.N.Y. Mar. 16, 2009) (quoting Ehrenfeld v. Salim a Bin Mahfouz, 04 CIV. 9641 (RCC), 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005)). "'The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement.'" Id. (quoting same). "'[T]he basic inquiry'" all courts undertake when considering a request to authorize a nonpersonal method of service, "'is whether the method is reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or proceeding, and to afford him an adequate opportunity to be heard." Id. (quoting Levin v. Ruby Trading Corp., 248 F.Supp. 537, 540-41 (S.D.N.Y. 1965) (Weinfeld, J.)) In deciding whether constitutional due process will be satisfied by a

4

particular method of service, a court may consider "'the practicalities in a given case.'" Id. (quoting same).

In this case, Plaintiffs have requested permission to serve Baez and Sanchez by publishing the Summons in two nationally-circulated Colombian newspapers. "Federal courts have recognized the validity of service by publication where other means have failed." BP Products North America, Inc. v. Dagra, 236 F.R.D. 270, 272 (E.D. Va. 2006) (citing S.E.C. v. Tome, 833 F.2d 1086, 1092 (2d Cir. 1987)). "From the limited case law in the area, it is clear that service by publication to a defendant in a foreign country is an acceptable alternative means under 4(f)(3), so long as diligent attempts have been made to locate the defendant and serve process by traditional means, and the publication is one that likely would reach defendant." Id. In connection with service by publication, "courts in previous cases have noted the importance of the defendant possessing some knowledge that he might be subject to a suit." Id. (citing Tome, 833 F.2d at 1093; Smith v. Islamic Emirate of Afghanistan, 01 CIV 10132 (HB), 2001 WL 1658211 (S.D.N.Y. Dec. 26, 2001); Blum v. Koch, 716 F.Supp. 754, 764 (S.D.N.Y. 1989)).

Here, Plaintiffs propose publishing the Summons once per week for four consecutive weeks in two Spanish language Colombian newspapers, El Tiempo and El Espectador. Plaintiffs aver that these newspapers are the only two newspapers with national circulation in Colombia, and that they enjoy wide readership in Bogota, where Baez and Sanchez are believed to be residing. (Pltf. Br. (Dkt. No. 10) at 7) Plaintiffs also explain that publication of the 27-page Complaint is not feasible. (Id. at 7 n.1)

This Court concludes that service by publication in the manner proposed by Plaintiffs is an appropriate alternative method of service in this case. First, Plaintiffs have diligently attempted to serve Baez and Sanchez through both private and official channels. Through no fault of Plaintiffs, those efforts have proven unsuccessful. There is no reason to believe that further attempts would produce a different outcome. Second, it should not surprise Baez or Sanchez that they are subject to a lawsuit in New York. The Complaint alleges they engineered a massive, multi-million dollar Ponzi scheme through corporate entities they managed in New York and Florida. (Cmplt. ¶¶ 3-5) Baez and Sanchez likely became aware of this action more than a year ago, when those corporate entities were served. Third, as indicated by her purported ten-page pro se "Answer," Baez has actual notice of this action. Given that Baez and Sanchez are married, it is likely that Sanchez is also aware of the action. Fourth, service by publication will offend neither international law nor Colombia's sovereignty. Plaintiffs have already complied with the Inter-American Convention by attempting to personally serve Baez and Sanchez in conformance with its terms, and nothing in that treaty prohibits service by publication. Although Colombia recently became a signatory to the Hague Convention,[1] Article I of that Convention provides that it "shall not apply where the address of the person to be served with the document is not known." defendant S.E.C. v. Lines, 07 CIV. 11387 (DLC), 2009 WL 3179503, at *3 (S.D.N.Y. Oct. 2, 2009)

---

[1] Colombia became a signatory to the Hague Convention in April 2013, while this litigation was pending. See Press Release, Hague Conf. on Private Int'l Law, Instruments of acceptance, ratification and accession deposited during the Council on General Affairs and Policy of the Conference (Apr. 10, 2013), http://www.hcch.net/index_en.php?

6

(quoting the Hague Convention). For all of these reasons, this Court concludes that service by publication is, under the circumstances of this case, reasonably calculated to provide Baez and Sanchez with notice of this lawsuit.

## CONCLUSION

Plaintiffs' motion for leave to serve Defendants Baez and Sanchez by alternative means (Dkt. No. 9) is granted. Accordingly, Plaintiffs shall arrange for publication of the Summons in the Colombian newspapers El Tiempo and El Espectador once a week for four weeks. Plaintiffs shall promptly inform this Court once service by publication has been effected and provide this Court with proof of the same.

Dated: New York, New York
April 9, 2014

SO ORDERED

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge