USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept. 13, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL BOLIVAR, ANDRES RUBIO, and
JANNETH QUINTERO, individually and on
behalf of all those persons similarly situated,

                Plaintiffs,

-against-

FIT INTERNATIONAL GROUP CORP.,
FOREX INTERNATIONAL TEAM INC.,
JAIRO ENRIQUE SANCHEZ, and
DILIA MARGARITA BAEZ,

                Defendants.

12cv781 (PGG) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      The above-captioned class action, involving allegations that Defendants engaged in commodities law and racketeering violations – specifically, by defrauding investors of more than $100 million through an international Ponzi scheme (*see generally* Class Action Complaint (Dkt. 1)) – has been referred to this Court by the Honorable Paul G. Gardephe, U.S.D.J., for the purpose of conducting an inquest with respect to the amount of damages that should be awarded to the now-certified Plaintiff Class upon Defendants' default. (*See* Dkts. 33, 38, 39.) Having carefully reviewed Plaintiffs' inquest submissions, by which Plaintiffs seek approximately $140 million in damages, this Court finds that Plaintiffs are potentially entitled to a significant damages award. This Court also finds, however, that Plaintiffs' evidence in support of their damages claims is deficient. Even after entry of a default judgment, "Plaintiffs bear the burden of establishing their entitlement to recovery and thus must substantiate their claims with evidence to prove the extent of their damages." *Hounddog Prod., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 627 (S.D.N.Y. 2011) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L.*

*Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Rather than recommending that no damages be awarded, which would represent an extremely harsh result for defrauded Class members, this Court will *sua sponte* grant Plaintiffs leave to submit additional evidence, within 30 days from the date of this Order, addressing the deficiencies discussed below.

## Foundational Support for Summary Charts

It is well-established that, "even when the defendant defaults and is not present to object, damages must be based on admissible evidence." *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) (Summary Order) (collecting cases); *see also Braccia v. D'Blass Corp.*, No. 08cv08927, 2011 WL 2848146, at *6-8 (S.D.N.Y. June 13, 2011), *report and recommendation adopted*, 2011 WL 2848202 (July 18, 2011) (awarding no damages on an inquest because, even after being given an opportunity to supplement their inquest submissions, the plaintiffs failed to submit any admissible evidence to support their damages claims). To be admissible, in addition to other requirements, evidence must be authenticated pursuant to Rule 901(a) of the Federal Rules of Evidence. *House*, 359 F. App'x at 207; *see also Braccia*, 2011 WL 2848146, at *6-8 (rejecting evidence on an inquest because it was not authenticated).

Here, in support of their damages claims, Plaintiffs have submitted two spreadsheets purporting to summarize bank statements from JPMorgan Chase and Bank of America, dated from 2003 to 2009 ("damages spreadsheets"). (*See* Dkts. 42-5, 42-6.) Although Plaintiffs do not discuss the evidentiary basis for these damages spreadsheets in their inquest submissions, this Court assumes that Plaintiffs are offering them pursuant to Rule 1006 of the Federal Rules of Evidence, which provides that a party "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. In order to avail themselves of Rule 1006, however,

2

Plaintiffs must demonstrate that the summary of voluminous documents is based on "foundational testimony connecting it with the underlying evidence summarized." *Fagiola v. Nat'l Gypsum Co. AC & S*, 906 F.2d 53, 57 (2d Cir. 1990) (citation omitted); *see also United States v. Blackwood*, 366 F. App'x 207, 212 (2d Cir. 2010).

Plaintiffs, however, have failed to provide sufficient foundational testimony to connect their damages spreadsheets with the underlying evidence that the spreadsheets purport to summarize. In this regard, Plaintiffs have only submitted an attorney affidavit, in which Class Counsel states that she and unnamed "forensic accountants" have reviewed the bank statements underlying the damages spreadsheets. (*See* Affidavit of Dr. Gaytri Kachroo, Esq., sworn to Nov. 20, 2015 (Dkt. 42), ¶ 17.) Class Counsel also states in her affidavit that, "[a]s a result" of an "audit review" conducted by unidentified "accounting and forensic personnel," her law firm determined the appropriate amount of damages in this matter. (*Id.* ¶ 29.) It therefore appears that Plaintiffs' damages spreadsheets – and thus, their claimed damages award – are based, at least in part, upon the review and analysis of bank statements by unidentified "accounting and forensic personnel." No declarations or affidavits from any such individuals, however, are present in Plaintiffs' submissions.

In order to cure this deficiency, Plaintiffs may, within 30 days of the date of this Order, supplement their inquest submissions by providing to the Court one or more declaration(s) or affidavit(s) from the referenced "forensic accountants" and/or "accounting and forensic personnel," stating each such individual's identity and qualifications, the extent of that individual's personal review of the bank statements in question, his or her role and methodology in compiling the damages spreadsheets, and his or her ability to confirm the accuracy of the numbers set forth in the damages spreadsheets.

3

## "Business Records" Requirements

It is also well-established that, in order for a Rule 1006 summary chart to be admissible, the evidence underlying the summary chart must itself be admissible. *See Fagiola*, 906 F.2d at 58. While it appears that Plaintiffs are invoking the "business records" exception to the hearsay rule for the admissibility of the underlying bank statements, Fed. R. Evid. 803(6), Plaintiffs have only submitted a document from JPMorgan – and nothing from Bank of America[1] – that even purports to satisfy the requirements of that exception. (*See* Dkt. 42-4, at 1.) As explained by the Second Circuit:

> A record of regularly conducted business activity would be eligible for admission as self-authenticating under Rule 902(11) and 803(6) if the record is accompanied by a written declaration of its custodian, or other qualified person, who certifies that: (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; [and] (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . . .

*United States v. Komasa*, 767 F.3d 151, 154-55 (2d Cir. 2014) (quoting Fed. R. Evid. 803(6)). Even Plaintiffs' JPMorgan submission (Dkt. 42-4, at 1) fails to address each of these requirements.

In order to cure this deficiency, Plaintiffs may, within 30 days of the date of this Order, supplement their submissions with affidavits or declarations from the custodians of the bank statements at JPMorgan and Bank of America, or other qualified witnesses, compliant with

---

[1] The Bank of America document submitted is simply a letter confirming receipt of Class Counsel's subpoena and confirming that the subpoenaed documents would be mailed to Class Counsel at the requested date. (Dkt. 42-4, at 2.) The document includes no declaration certifying that the produced bank statements satisfy the requirements of Rule 803(6).

4

Rule 803(6), in order to support the admissibility of the bank statements underlying the damages spreadsheets.

## **Accounts in the Name of Defendant Baez**

In their inquest submissions and damages calculations, Plaintiffs include withdrawal and deposit data from two accounts in the name of defendant Dilia Margarita Baez ("Baez"), but fail to explain why Baez's accounts are relevant to their damages claims. The Complaint alleges that Defendants opened bank accounts in the name of FIT International Group Corp. ("FIT Corp.") to hold investor funds for the alleged Ponzi scheme at the center of the Complaint. (*See* Complaint, dated Jan. 31, 2012 (Dkt. 1) ¶ 30.) Moreover, both fact declarations in Plaintiffs' inquest submissions state that the declarants transferred funds to Defendants through bank accounts "in the name of FIT Corp." – and make no reference to any accounts in the name of Baez. (*See* Declaration of Andres Rubio, dated Nov. 17, 2015 (Dkt. 42-7), ¶ 10; Declaration of Janneth Quintero, dated Nov. 2015 (Dkt. 42-7), ¶ 10.)

Plaintiffs may remedy this failure to demonstrate the relevance of Baez's accounts by providing, within 30 days of the date of this Order, a supplemental declaration or affidavit from an individual with knowledge, explaining why activity within Baez's accounts is relevant to, and should be included in, Plaintiffs' damages computation.

In any event, any supplemental submission by Plaintiffs should segregate any information regarding deposits and withdrawals from Baez's accounts from information regarding deposits and withdrawals from FIT Corp.'s accounts, so that the Court is able to understand Plaintiffs' assertions as to which monies unlawfully flowed to Defendants from which accounts.

## Treble Damages and Attorneys' Fees

Finally, Plaintiffs' inquest submissions are silent as to whether Plaintiffs are seeking treble damages and attorneys' fees under the RICO statute, even though the Complaint purports to seek such damages and fees. As this could make a substantial difference in the amounts awarded, Plaintiffs may supplement their submissions to clarify whether they are, in fact, abandoning any request for these types of relief.

Plaintiffs should note, however, that any supplemental submission requesting attorneys' fees must be adequately supported, as the party seeking fees bears the burden of demonstrating that its requested fees are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984). Thus, any fee application must provide information regarding the experience of each attorney who billed time on the matter, that attorney's billing rate, and whether that rate is comparable to rates generally charged in this market by attorneys of comparable levels of skill, at comparable firms, performing comparable work. *See, e.g., LV v. N.Y. City Dep't of Educ.*, 700 F. Supp. 2d 510, 514-15 (S.D.N.Y. 2010). In addition, any fee application must be supported by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

## Conclusion

For the reasons set forth above, if Plaintiffs wish to pursue their presented damages claim, then they are directed to supplement their inquest submissions to address the deficiencies and/or to clarify the matters discussed above. Plaintiffs are further directed to serve and file any supplemental submissions (with a courtesy copy to my chambers) no later than October 13, 2016. With their service on each of the Defendants, Plaintiffs shall include a copy of this Order.

6

Defendants shall submit their responses, if any, to Plaintiffs' supplemental submissions no later than November 14, 2016. IF DEFENDANTS FAIL TO RESPOND TO PLAINTIFFS' SUBMISSION BY NOVEMBER 14, 2016, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFFS' WRITTEN SUBMISSION ALONE. FURTHER, THIS COURT WILL NOT HOLD A HEARING ON DAMAGES, UNLESS ANY DEFENDANT REQUESTS A HEARING, IN WRITING, BY NOVEMBER 14, 2016. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); *Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment."). Defendants are cautioned that a corporate entity may only be heard in this Court if it is represented by counsel, and thus any opposition to Plaintiffs' submissions by the corporate defendants, FIT International Group Corp. and Forex International Team, Inc., must be made through counsel, for such opposition to be considered. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983).

Dated: New York, New York
September 13, 2016

Respectfully submitted,

*[signature]*

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Plaintiffs' counsel (via ECF)

FIT International Group Corp.
c/o Carlos Zayas
1221 Brickell Avenue, 19th Floor
Miami, FL 33131

Forex International Team Inc.
c/o Secretary of State
99 Washington Avenue
Albany, NY 12210

Jairo Enrique Sanchez
Dilia Margarita Baez
Calle 140 6-10 Torre 6
Apartamento 501
Bogota, Colombia 110121