UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL BOLIVAR, ANDRES RUBIO, and
JANNETH QUINTERO, individually and on
behalf of all those persons similarly situated,

Plaintiffs,

- against -

FIT INTERNATIONAL GROUP CORP.,
FOREX INTERNATIONAL TEAM INC.,
JAIRO ENRIQUE SANCHEZ, and
DILIA MARGARITA BAEZ,

Defendants.

**ORDER**

12 Civ. 781 (PGG) (DCF)

PAUL G. GARDEPHE, U.S.D.J.:

   Plaintiffs Manuel Bolivar, Andres Rubio, and Janneth Quintero filed this class

action against Defendants Jairo Enrique Sanchez, Dilia Margarita Baez, FIT International Group

Corp., and Forex Investment Team Inc., alleging violations of commodities law and the

Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, common law tort, and a

quasi-contract claim. Plaintiffs allege that Defendants fraudulently induced them to invest funds

in their operations, purportedly for trading in foreign currency. (Cmplt. (Dkt. No. 1) ¶¶ 26-39)

Plaintiffs claim that, in reality, Defendants were operating an international Ponzi scheme. (Id.)

   On October 9, 2015, this Court entered an Order of Default against Defendants

and referred the case to Magistrate Judge Freeman for an inquest into damages. (Dkt. Nos. 38,

39) On March 16, 2016, Judge Freeman issued a Report and Recommendation ("R&R")

recommending that the Court sua sponte decertify the Class and award damages only to the

named Plaintiffs. (Dkt. No. 59) For the reasons stated below, the Court will adopt the R&R in

its entirety.

## BACKGROUND

The Complaint was filed on February 1, 2012. (Dkt. No. 1) On April 10, 2014, the Court granted Plaintiffs' motion for foreign service by publication in Colombia pursuant to Federal Rule of Civil Procedure 4(f)(3). (Dkt. No. 15) On January 14, 2015, the Court granted Plaintiffs' motion to certify a class under Federal Rule of Civil Procedure 23(b)(3). (Dkt. No. 33)

The Clerk of the Court issued a Certificate of Default as to Defendants on September 18, 2014. (Cert. of Default (Dkt. No. 24)) The Court ordered Defendants to show cause why a default judgment should not be entered against them on September 10, 2015. (Order (Dkt. No. 35)) Defendants did not file an opposition or appear on that date. (Order of Default (Dkt. No. 38)) Accordingly, this Court entered an order of default against Defendants, (id.), and referred the case to Magistrate Judge Freeman for an inquest on damages. (Order of Reference (Dkt. No. 39))

On March 16, 2016, after considering four rounds of damages submissions and conducting an evidentiary hearing, Judge Freeman issued a thorough 74-page R&R recommending that this Court sua sponte decertify the Class due to the inadequacy of Class Counsel, and award damages only to the named Plaintiffs. (Dkt. No. 59) Judge Freeman explains her reasoning as follows:

> As this Court has informed Plaintiffs throughout these proceedings, . . . despite Defendants' default, it is Plaintiffs who bear the burden of establishing their claimed damages to a reasonable certainty. To avoid the harsh result of recommending that no damages be awarded to the Class, this Court has given Plaintiffs – through Class Counsel – no less than four opportunities to carry this burden. Further, at each juncture, this Court has provided detailed written and oral guidance to Class Counsel on how to improve Plaintiffs' inquest submissions. (See Dkts. 40, 44, 50, 51, 57.) Although this Court's criticisms have, most recently, led Class Counsel to concede that the damages originally requested for

2

the Class should be decreased by nearly $22 million, Class Counsel's latest inquest submissions introduce new, significant problems, and still lack the transparency and factual grounding that this Court has been demanding for months. In the end, even that fourth round of inquest submissions are unduly speculative, and, in many respects, nonsensical. They are certainly not adequate to justify the award of any particular sum as Class-wide damages.

(R&R (Dkt. No. 59) at 1-2)

In lieu of Class damages, Judge Freeman recommends that "Plaintiff Bolivar, Quintero, and Rubio be awarded $213,539.51, $394,911.35, and $379,186.96, respectively, constituting treble damages under RICO, plus prejudgment interest on their out-of-pocket losses. . . . [She] further recommend[s] that Plaintiffs be awarded costs in the amount of $350.00." (Id. at 1) Finally, Judge Freeman recommends that all Defendants be held jointly and severally liable for the treble damage awards and costs, and that Defendants Sanchez, Baez, and FIT New York be held jointly and severally liable for the prejudgment interest awards. (Id. at 72)

In her R&R, Judge Freeman informs Plaintiffs that any objections to the R&R must be filed fourteen days after service pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a failure to object will result in waiver of review. (Id. at 72-73) Accordingly, objections to the R&R were due by March 30, 2017. No objections were filed.

On April 12, 2017, Plaintiffs submitted a letter stating that they had not received notification of the R&R until that day due to an error with this District's Electronic Case Filing system. (Dkt. Nos. 60-61) Plaintiffs sought a 30-day extension of time to submit objections to the R&R. (Dkt. No. 61) On April 21, 2017, Plaintiffs' counsel requested an additional 60-day extension due to a family emergency. (Dkt. No. 63) On June 19, 2017, Plaintiffs' counsel

3

requested an additional 30 days to locate substitute counsel to represent Plaintiffs and the Class. (Dkt. No. 64)

On October 11, 2017, the Court issued an order directing Plaintiffs' successor counsel to file a notice of appearance by October 31, 2017, and any objections to the R&R by November 14, 2017. (Dkt. No. 65) The Order stated that there would be "no further extensions" of these deadlines. (Id.) No notice of appearance was filed by October 31, 2017, and no objections were filed by November 14, 2017.

On May 31, 2018 – 806 days after the R&R was filed, and 198 days after the Court's final deadline for filing objections – Plaintiffs' counsel filed a motion to appear pro hac vice on behalf of Plaintiffs. (Dkt. No. 66) On November 15, 19, and 26, 2018, Plaintiffs' counsel attempted to file an Amended Complaint on behalf of 146 Plaintiffs. (Dkt. No. 67, 68, 70) This District's Electronic Case Filing system would not allow Plaintiffs to do so without leave of Court. Because leave of court had not been sought or obtained, the Amended Complaint was not accepted for filing.

On November 19, 2018, Plaintiffs filed a letter motion requesting permission to file an Amended Complaint. (Dkt. Nos. 69)

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ.

4

P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Judge Freeman's R&R recites the requirement that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections." (R&R (Dkt. No. 59) at 72) The R&R further states that "FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW." (Id. at 73 (capitalization in original)) No objections to the R&R were filed by the March 30, 2017 deadline. The Court ultimately extended the deadline for objections to November 14, 2017. (Order (Dkt. No. 65)) Despite clear warning that a failure to file objections would result in a waiver of judicial review, Plaintiffs never filed objections to Judge Freeman's R&R.

Because no objections were ever filed to Judge Freeman's R&R, the parties have waived judicial review. The Court has, however, reviewed Judge Freeman's 78-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Freeman's R&R will be adopted in its entirety.

5

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety. The Class is de-

certified, and the Clerk of Court is directed to enter judgment as follows:

Plaintiff Bolivar is awarded $168,000 in treble damages, $45,539.51 in pre-
judgment interest, and additional pre-judgment interest, on the principal amount
of $56,000.00, at the rate of 9% per annum from October 9, 2015 to the date of
entry of final judgment;

Plaintiff Quintero is awarded $323,930.61 in treble damages, $70,980.74 in pre-
judgment interest, and additional pre-judgment interest, on the principal amount
of $107,976.87, at the rate of 9% per annum from October 9, 2015 to the date of
entry of final judgment;

Plaintiff Rubio is awarded $311,032.50 in treble damages, $68,154.46 in pre-
judgment interest, and additional pre-judgment interest, on the principal amount
of $103,677.50, at the rate of 9% per annum from October 9, 2015 to the date of
entry of final judgment.

The named Plaintiffs are awarded costs in the amount of $350.00. (R&R (Dkt. No. 59) at 72)

All Defendants are jointly and severally liable for the treble damages and costs

awards, but only Defendants Sanchez, Baez, and FIT New York shall be held jointly and

severally liable for the pre-judgment interest awards. (Id.)

Plaintiffs' letter motion to file an Amended Complaint is denied. (Dkt. No. 69)

The Clerk of Court is directed to enter judgment, terminate the motion (Dkt. No. 69), and close

this case.

Dated: New York, New York
    September 20, 2019        SO ORDERED.

Paul G. Gardephe
_____
Paul G. Gardephe
United States District Judge